*1115 The opinion of the Court was delivered by
Poché, J.
The Relator seeks by mandamus to compel the Respondents to approve his voucher, for his salary as docket clerk of the Civil District Court, for the month of August, 1882, at the rate of one hundred and fifty dollars a month.
Relator’s salary had been fixed at $150, by Act 130 of 1880, and was reduced twenty per cent, by Act 108 of 1882, and the Judges’ refusal to approve his voucher for the month of August last, for one hundred and fifty dollars, was predicated on the last mentioned act.
But Relator charges that said Act is unconstitutional, and avers that the plain ministerial duty of Respondents was to approve his voucher, in accordance with the provisions of the Act of 1880.
A compliance with Relator’s demand would necessitate from Respondents a declaration of the unconstitutionality of Act No. 108 of. 1882, and the mandamus which we are asked to grant in the premises, must be preceded by such a declaration on our part.
In other words, we are asked by this proceeding to command Respondents to decide that Act No. 108 of 1882 is unconstitutional, null and void.
The record shows that Respondents have not failed or refused to perform the plain duty of approving Relator’s voucher as required by. law; but that they have refused to approve his voucher, for the reason that said voucher does not comply with the provisions of the law regulating the subject matter.
The mandamus which, we would issue, at the instance of Relator, would not have the legal effect of compelling the Respondent Judges to perform the duty of approving a voucher for the salary of one of , their officers, but would go to the extent of compelliug them to judicially determine that the proposed object of the legislature to reduce such salary was illegal and of no effect. We are clear in our conviction; that we are powerless to grant any such relief, as this would be tantamount to our assuming original jurisdiction of the matter. We have frequently held that we were clothed with the power to compel the Judge of an inferior court to render a judgment, but that we were powerless to dictate to him what judgment he should render.
Thus, in the case of the State ex rel. Wise vs. Taylor, Judge, 32 An. 977, we declined to interfere with the judicial discretion of the inferior Judge who had refused to sign an order of seizure and sale, on the ground that his refusal was a judicial act, which could be reviewed by an appeal only.
. In the case of the State ex rel. Ames vs. Judge, 32 An., (O. B. 53, p. 43,) not reported, we refused to compel the District Judge to homologate the proceedings of a family meeting; holding *1116 that the Judge could be compelled to act on the petition for homologation of the proceedings, but could not be compelled to decide in a particular manner. See also, State ex rel. New Orleans vs. Judge, 32 An. 549; State vs. Judge, 5 Robinson, 161.
In the present case, the Judges of the Civil District Court could be compelled by mandamus to act on Relator’s application for their approval of his voucher; but to compel their approval, when they have acted on the application, and have refused their approval, would -be to dictate the judgment which they should have rendered, and such an act would divest them of their judicial discretion. State vs. Dunlap, 5 M. 271; State vs. Judge Second District Court, 13 An. 481; Same vs. Same, 13 An. 483; Same vs. Same, 15 An. 113; 15 An. 164.
' If the performance of an act by a Judge, which must be preceded by and predicated on his conclusion on the alleged unconstitutionality of an act of the legislature, is not a judicial act, it would be difficult to conceive of an ex-parte order of a Judge which would fall under .the definition.
Although these views have not been urged in defense by the Respondents, they forcibly present themselves at the threshold of this investigation, and lead to the inevitable conclusion that Relator has entirely mistaken his remedy.
The writ of mandamus herein prayed .for is, therefore, refused, at Relator’s costs.